UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:18CR805 HEA |
| | ) | 4:12CR182 HEA |
| MICHELLE L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's supplementary motion for compassionate release under 18 U.S.C. § 3582. The government has filed its response advising the Court that it will defer to the Court's decision. For the reasons set forth below, the Motion will be granted, with the conditions stated herein.

**Facts & Background**

Defendant is currently confined in the Bureau of Prisons (BOP) at the FCI Pekin, Illinois. She was sentenced to a term of 10 months in the BOP on August 27, 2019 after pleading guilty to Theft of Government Funds in violation of 18 U.S.C. § 641. On the same date, the Court sentenced Defendant to a term of 8

months for violating the terms of supervised release in case number 4:12CR 182 HEA. The sentences were ordered to run concurrently in each case.

On March 30, 2020, Defendant filed an informal request with the BOP to be transferred to home confinement for the remainder of her sentence due to the COVID-19 pandemic. She also filed a follow-up to that request on April 4, 2020. Counsel advises the Court that as far as he is aware, her request for home confinement has not been granted. On April 8, 2020, Defendant made a separate request for a reduction in sentence due to the COVID-19 pandemic under 18 U.S.C. § 3582. This request for compassionate release was denied by the warden on May 5, 2020. She is in the process of appealing the denial.

Defendant asks that the Court to reduce the custodial portion of her sentence to time served under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, which allows inmates to file requests for compassionate release for "extraordinary and compelling reasons." Defendant is 43 years old and suffers from obesity, hypertension, osteoarthritis and several other physical and mental health conditions.

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now herself (or through her advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to

reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Defendant bears the burden of proving both that she has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### *Exhaustion of BOP Administrative Process*

In her supplemental motion, Defendant alleges that she exhausted her remedies by way of her request to the warden at FCI Pekin. It appears that Defendant has sufficiently exhausted her administrative rights and therefore qualifies for consideration for a reduction in sentence or compassionate release under the First Step Act.

### *Merits*

To evaluate Defendant's request for reduction in sentence, the Court must turn to amended 18 U.S.C. § 3582(c)(1)(A). Any reductions must be consistent with applicable policy statements issued by the United States Sentencing Commission. Specifically, U.S.S.G. § 1B1.13 governs compassionate-release reductions. Application Note 1 to the commentary to § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A):

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment,
>>>
>>> or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of her request, Defendant states that she suffers from obesity, hypertension, osteoarthritis and several other physical and mental health conditions. She has previously been diagnosed with anxiety, depression, attention deficit disorder, personality disorder, and post-traumatic stress disorder. These conditions classify Defendant in the Center for Disease Control's high risk category for suffering serious medical risk were she to contract COVID-19.  The Court understands Defendant's medical conditions put her at increased risk.

Additionally, Defendant has only two months remaining on her sentence. The Court finds "extraordinary and compelling" reasons to grant release here.

The Court must also find that Defendant no longer presents a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release. Since her incarceration in October 2019, Defendant has not incurred a single disciplinary violation. In addition, she has maintained a job assignment as a unit orderly, despite her physical limitations. She was gainfully employed the entire time on bond before surrendering to serve her sentence and expects to be employed upon release.

The Court finds that sentencing factors weigh in favor of release.  However, the Court also finds that there is a need to quarantine defendant for period of at least fourteen days to protect public health. Specifically, the Court retains jurisdiction over this motion for fourteen days.

Accordingly,

**IT IS HEREBY ORDERED** that the Supplemental Motion for Relief Under the First Step Act is granted, provided, that the BOP place Defendant in quarantine for 14 days.  If Defendant has not displayed symptoms or tested positive for COVID-19 during that period, the Court will then order release. If Defendant does test positive during the initial fourteen-day period, the United States will notify the Court and seek an extension of the release date until Defendant has tested negative.

**IT IS FURTHER ORDERED**  that the Court imposes an additional term of supervised release, namely a period of home confinement until August 13, 2020. Such a period of home confinement would protect the public and enable Defendant to make a smooth transition back to the community.

Dated this 23rd day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE